## SETTLEMENT AGREEMENT AND RELEASE

**THIS SETTLEMENT AGREEMENT AND RELEASE** (the "Agreement") is made and entered into as of the date it is fully executed by Douglas R. Adelsperger (the "Trustee"), Chapter 11 Trustee for the substantively consolidated bankruptcy estates, pending in the United States Bankruptcy Court to the Northern District of Indiana, South Bend Division, of 5 Star Investment Group, LLC, 5 Star Portland Holdings, LLC, 5 Star Investment Group V, LLC, 5 Star Commercial, LLC, 5 Star Investment Group VII, LLC, 5 Star Holdings, LLC, 5 Star Investment Group III, LLC, 5 Star Indiana Holdings, LLC, 5 Star Investment Group II, LLC, 5 Star Investment Group IV, LLC and 5 Star Capital Fund, LLC (collectively, the "Debtors" or "5 Star"), and Marlin H. Schwartz ("Schwartz").

### FACTS

Before July 29, 2014, Earl Miller ("Miller") and Matthew D. Gingerich ("Gingerich") were each 50% owners of the Debtors. On July 29, 2014, Miller purchased Gingerich's interest in 5 Star. The following day, July 30, 2014, Miller agreed to sell a one percent interest in all of the 5 Star entities to Schwartz. Although a purchase agreement was drafted, the parties never signed it. On and after July 30, 2014, Schwartz paid Miller approximately $412,000 to acquire an ownership interest in the 5 Star entities. Thereafter, Schwartz received owners' draws and other compensation from 5 Star.

On or about July 22, 2015, the 5 Star entities paid Schwartz $206,000 and his ownership interests were canceled. This transaction was not identified in 5 Star's bankruptcy schedules. Additionally, during the one year that Schwartz was an owner, he received approximately $60,000 in owner distributions. Further, Schwartz's company, Artisan

**EXHIBIT 3**

Builders, LLC ("Artisan Builders"), received over $570,000 for labor, materials and other services provided to 5 Star. Trustee Adelsperger believes that some of the payments received by Artisan Builders were preferential.

The Trustee reviewed payments made to Schwartz and sent a demand letter to him, informing Schwartz that he must return compensation from 5 Star. The Trustee asserted that the transfers of funds from the Debtors to Schwartz were fraudulent transfers that could be avoided pursuant to 11 U.S.C. § 548 and/or pursuant to 11 U.S.C. § 550(a) and that some transfers were voidable preferences pursuant to 11 U.S.C. § 547. The Trustee also asserted that he could raise other claims against Schwartz related to his ownership of the Debtors.

Schwartz, by counsel, responded to the Trustee's demand and asserted that the transfers he received, referenced by the Trustee, were not voidable. He denied liability for all claims asserted by the Trustee.

Thereafter, the Trustee and Schwartz engaged in informal settlement negotiations and those negotiations were successful. The parties reached a settlement to avoid the expenses and delays of litigation, and the Trustee, on behalf of the Debtors, and Schwartz agreed to the terms that follow.

**THEREFORE**, for good and valuable consideration, the receipt and sufficiency of which are acknowledged, the Trustee and Schwartz, conditioned upon the Bankruptcy Court's approval, agree as follows:

### THE TRUSTEE'S REPRESENTATIONS AND WARRANTIES TO SCHWARTZ

In consideration of Schwartz's promise to perform the terms of this Agreement, the Trustee represents and warrants to Schwartz that, as of the date of this Agreement:

**EXHIBIT 3**

1. The Trustee has the full corporate power, authority and legal right to enter into this Agreement on behalf of the Debtors and their bankruptcy estates, subject to the Bankruptcy Court's approval of the Agreement's terms.

2. This Agreement constitutes the Debtors' valid and binding obligation and is enforceable against the Debtors in accordance with its terms.

## SCHWARTZ'S REPRESENTATIONS AND WARRANTIES TO THE TRUSTEE

In consideration of the Trustee's promises to perform the terms of this Agreement, Schwartz represents and warrants to the Trustee that, as of the date of this Agreement:

3. Schwartz has the power, authority and legal right to enter into this Agreement.

4. This Agreement constitutes Schwartz's legal, valid and binding obligation and is enforceable against him in accordance with its terms.

## SETTLEMENT TERMS

5. Within three business days of the Bankruptcy Court's order approving this Agreement, Schwartz will pay the Trustee the sum of one hundred twenty-five thousand dollars ($125,000). The payment received will be held until the order is final and unappealable.

6. Additionally, by June 29, 2018, Schwartz shall pay 5 Star's Trustee an additional thirty-nine thousand eight hundred dollars ($39,800). The total amount to paid by Schwartz is $164,800, which is 80% of the $206,000 that Schwartz received on July 22, 2015.

7. Additionally, Schwartz will assign to the Trustee any and all claims he has against:

**EXHIBIT 3**

A. Earl Miller, including Schwartz's claim against him related to Miller forging Schwartz's name to a sign lease; and

B. all pre-bankruptcy claims against any professionals who provided services to the Debtors, including but not limited to attorneys, accountants and financial advisors, including Global Impact Companies.

8. Schwartz agrees to assist the Trustee in his investigation of the Debtors' operations, assets, liabilities and claims that can be asserted against any other persons or entities. Schwartz will fully cooperate with the Trustee's efforts to recover assets for the Debtors' bankruptcy estates.

9. Schwartz and his company, Artisan Builders, shall waive all claims they could assert against 5 Star pursuant to 11 U.S.C. §§ 501, 502, 547, 548 and 550 and under any other legal or equitable theory.

10. In exchange for Schwartz's payments and performance of the obligations set forth above, the Trustee will file a motion seeking the approval of this Settlement Agreement with the Bankruptcy Court.

11. The Trustee will, upon the Bankruptcy Court's approval of this Agreement, give Schwartz a full release of any and all claims that the Trustee and/or 5 Star's creditors, by the Trustee, could assert against Schwartz for the benefit of Debtors' bankruptcy estates.

12. The Trustee also releases any claim to any ownership of Artisan Builders by 5 Star that could be asserted pursuant to the unsigned purchase agreement between Miller and Schwartz.

**EXHIBIT 3**

## GENERAL WAIVER AND RELEASE

13. **Mutual Release.** For consideration as provided herein, the receipt and sufficiency of which are hereby expressly acknowledged, each party, for itself and each of its present and former attorneys, agents, representatives, assigns and all those who claim through them or could claim through them, unconditionally and irrevocably remises, waives, satisfies, releases, acquits, and forever discharges each other party, and each of their present, former and future assigns, assignees, creditors, attorneys, vendors, accountants, nominees, agents (alleged, apparent or actual), representatives, or purporting to act for them or on their behalf, and each of them respectively, from and against any and all past and present claims, counterclaims, actions, defenses, affirmative defenses, suits, rights, causes of action, lawsuits, set-offs, costs, losses, controversies, agreements, promises and demands, or liabilities, of whatever kind or character, direct or indirect, whether known or unknown or capable of being known, arising at law or in equity, by right of action or otherwise, including, but not limited to, suits, debts, accounts, bills, damages, judgments, executions, warranties, attorneys' fees, costs of litigation, expenses, claims and demands whatsoever that the party, or its attorneys, agents, representatives, predecessors, successors and assigns, have or may have against any other party, for, upon, or by reason of any matter, cause or thing, whatsoever, in law or equity, including, without limitation, the claims made or which could have been made by the parties in any way related to, arising out of or resulting from any matters in connection with Schwartz's former ownership of the Debtors and any guarantees he has given concerning 5 Star's debts.

**EXHIBIT 3**

MISCELLANEOUS

14. This Agreement shall be governed by and construed and enforced in accordance with Indiana law.

15. This Agreement may be signed in one or more counterparts, and each signed counterpart will be considered an original. Facsimile and/or e-mail signatures shall be as effective as original signatures. All of the signed counterparts together will be considered one document that becomes a binding agreement on each signatory when all counterparts have been signed and delivered.

16. This Agreement shall inure to the sole benefit of the parties to this Agreement. Nothing in it shall create or be construed to create any right or benefit for any person or entity other than the parties to this Agreement, except as provided in paragraph 13.

17. This Agreement cannot be orally modified or amended and represents the entire Agreement between the parties about the subject matter it covers. All previous negotiations between the parties touching on the subject matter of this Agreement are merged into this Agreement. All modifications or amendments to this Agreement must be in writing and signed by all parties.

18. The invalidity or unenforceability of any particular provision of this Agreement shall not affect its other provisions, and this Agreement shall be construed in all respects as if any invalid or unenforceable provision were omitted.

19. The parties acknowledge that in connection with this Agreement, they have each consulted with, or had the opportunity to consult with, legal counsel of their choice.

**EXHIBIT 3**

The parties further acknowledge that each understands the consequences of their participation in this Agreement.

Date: 6-22-2017    Date: 6-21-17

5 STAR INVESTMENT GROUP, LLC
AND ALL SUBSTANTIVELY
CONSOLIDATED DEBTORS

MARLIN H. SCHWARTZ

By: _____ TTEE    By: _____
Douglas R. Adelsperger,            Marlin H. Schwartz
Chapter 11 Trustee

AGREED AS TO FORM:

_____
Edmund P. Kos, Attorney for
Trustee Douglas R. Adelsperger

_____
Peter M. Yarbro, Attorney for
Marlin H. Schwartz

**EXHIBIT 3**